UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. S1-4:09CR23 ERW |
| ) | (FRB) |
| BRANDON STEPHENS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Presently pending before the court is Defendant Stephens's (sic) Motion For Severance Of Counts I And II (Docket No. 29). All pretrial motions were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

The defendant is charged in a two count superseding indictment. Each count alleges that the defendant possessed a firearm (Count 1) or firearms (Count 2) which had previously traveled in interstate commerce and that the defendant was a convicted felon at the time of possession of the firearms, each count alleging a violation of 18 U.S.C. § 922(g), and each count alleged to be punishable under 18 U.S.C. § 924(a)(2). Count 1 is alleged to have occurred on July 24, 2008, in the City of St. Louis, Missouri. Count 2 is alleged to have occurred on March 2, 2009, in St. Louis County, Missouri.

The defendant first argues in his motion that the two counts are not properly joined under Rule 8, Federal Rules of

Criminal Procedure. Rule 8(a), Federal Rules of Criminal Procedure, provides that, "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character . . ." Thus, under the plain language of the rule, the offenses here are properly joined as each count alleges the same offense of the defendant being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). See United States v. Coleman, 22 F.3d 126, 133 (7th Cir. 1994). See also United States v. Lawson, 173 F.3d 666, 671 (8th Cir. 1999); United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986).

Even if offenses are properly joined under Rule 8(a), Rule 14, Federal Rules of Criminal Procedure provided that, "If the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires." The defendant asserts prejudice as a result of the joinder and further seeks a severance of Counts 1 and 2 for trial under Rule 14. The defendant asserts that the jury would likely be confused by the evidence if the counts are tried together because the evidence in Count 1 would involve actual possession of a firearm, while the evidence in Count 2 would involve constructive possession of a firearm. The government in its response to defendant's motion disputes this factual assertion by the defendant and claims that

the evidence as to each count will show actual possession of a firearm by the defendant. The defendant further claims prejudice if the counts are jointly tried in that "the jury will likely infer that evidence related to each count separately reinforces the government's allegations about the other count." These claims are not sufficient grounds upon which to grant a severance under Rule 14. United States v. Gonzales, 535 F.3d 1174, 1183-84, (10th Cir. 2008). Furthermore, such concerns can be adequately addressed with specific instructions to the jury by the court concerning consideration of evidence relating to the separate counts. See United States v. Lawson, 173 F.3d 666, 671 (8th Cir. 1999).

The government further avers that even if tried separately, evidence of the separate offenses would be admissible at each trial pursuant to Rule 404(b), Federal Rules of Evidence. The government contends that as part of its case and burden of proof, it must prove that the defendant knowingly possessed the firearms in question and that other crimes evidence is admissible under Rule 404(b) on such issue of knowledge. In United States v. Walker, 470 F.3d 1271 (8th Cir. 2006), the Eighth Circuit noted that knowing possession of a firearm is an element of the offense under 18 U.S.C. § 922 (g)(1). Id. at 1274. The court also held that a defendant places the element of knowledge "at issue by pleading not guilty to the crime and requiring the government to prove his guilt beyond reasonable doubt." Id. The court then went on to hold that evidence of a defendant's possession of a firearm

on another occasion is relevant evidence on the issue of knowledge and intent, and that such evidence was properly admitted pursuant to Rule 404(b). <u>Id.</u>  Severance under Rule 14 is not appropriate or required if the evidence of each separate offense would otherwise be admissible at a separate trial of each count under Rule 404(b). <u>United States v. Rock</u>, 282 F.3d 548, 552 (8th Cir. 2002).

For all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Defendant Stephens's (sic) Motion For Severance Of Counts I And II (Docket No. 29) be denied.

The parties are advised that they to and including **August 10, 2009,** in which to file written objections to this Report and Recommendation.  Failure to timely file objections may result in waiver of the right to appeal questions of fact.  <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of July, 2009.